IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| The Spartanburg County Building Codes Board of Appeals, | ) )   C.A. No. 05-594-HMH-WMC |
| Plaintiff, | ) ) |
| vs. | )   **OPINION AND ORDER** |
| Samuel T.D. Lancaster, | ) ) ) |
| Defendant. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02.[1]  Samuel T.D. Lancaster ("Lancaster"), proceeding pro se, filed a notice of removal of a state court action to this court on February 24, 2005.  Magistrate Judge Catoe recommends remanding the action to the Court of Common Pleas for Spartanburg County and imposing sanctions on Lancaster for improvidently removing the case.  Lancaster filed objections to the Report and Recommendation.  After a thorough review of the record and the Magistrate Judge's Report and Recommendation, the court declines to adopt the Report and Recommendation.  However, the court remands Lancaster's case to the South Carolina Court of Common Pleas for Spartanburg County.

---

[1] The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

Lancaster is a landowner in Spartanburg County. On June 10, 2001, Lancaster was issued a citation for violating a provision of the Spartanburg County Property Maintenance Code ("ordinance") and was ordered by the Spartanburg County Building Codes Department ("SCBCD") to remove junk vehicles from his property. On June 19, 2001, Lancaster appealed the citation to the Spartanburg County Building Codes Board of Appeals ("Board of Appeals"), requesting a variance and lodging numerous complaints. The Board of Appeals held a hearing on September 24, 2001, and affirmed the citation.

Lancaster appealed the Board of Appeals' decision to the South Carolina Court of Common Pleas for Spartanburg County. On appeal, Lancaster argued that the SCBCD colluded against him and violated his rights to equal protection. (Compl. at 4.) However, the court found that Lancaster's "allegations of collusion and violation of equal protection were not raised to and ruled on by the Board and therefore [were] procedurally barred" under South Carolina law. Spartanburg County Building Codes Board of Appeals v. Lancaster, C.A. No. 2001-CP-42-3287, slip op. at 2 (S.C. Ct. Comm. Pl. Mar. 22, 2002) (unpublished). The court further concluded that there was substantial evidence to support the Board of Appeals' decision, and affirmed it. Id. at 3.

Lancaster appealed the court's decision to the South Carolina Court of Appeals. The Court of Appeals found that "the circuit court was correct in finding [that] Lancaster's collusion and equal protection arguments were procedurally barred." Spartanburg County Building Codes Board of Appeals v. Lancaster, No. 2004-UP-055, slip op. at 2 (S.C. Ct. App. Jan. 28, 2004) (unpublished). The court also affirmed the Court of Common Pleas' determination that there was sufficient evidence to support the Board of Appeals' decision. Id. at 2-3.

Lancaster filed a petition for writ of certiorari to the South Carolina Supreme Court. His petition was denied on January 6, 2005.

On February 8, 2005, the Board of Appeals filed a notice and motion to show cause to enforce the Court of Common Pleas' order requiring Lancaster to comply with the ordinance. Lancaster filed a notice of removal of the instant action on February 24, 2005. On March 14, 2005, the Board of Appeals filed a motion to remand the case and for sanctions.

In his Report, Magistrate Judge Catoe recommends granting the Board of Appeals' motion. Lancaster filed objections to Report and Recommendation on April 1, 2005.

## II. Discussion of the law

Upon reviewing the relevant law and the record in this case, the court declines to adopt the Report and Recommendation. The Magistrate Judge found that removal was improvident due to untimeliness and because the court lacks subject matter jurisdiction over the case under the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); (Rept. at 6-8.) In his objections, Lancaster argues that his removal was timely and that the Rooker-Feldman doctrine does not bar consideration of his case. Even if the court assumes that removal was timely and that the Rooker-Feldman doctrine does not deprive the court of jurisdiction, Lancaster's case must be remanded because there is no federal subject matter jurisdiction supporting removal.

In his objections, Lancaster claims that he (1) "is requesting a Review of the Federal question ignored by the State Court" and (2) "does not have any information that there are or are not any diversity questions in this case, as the [Board of Appeals] has never clarified this by stating whether or not all of the Board members have residential or citizenship considerations in other states." (Obj. at 7.) Hence, Lancaster relies on federal question jurisdiction to support

3

removal and suggests that diversity jurisdiction may also exist.

First, the federal question that Lancaster raises, whether his rights under the equal protection clause of the Fourteenth Amendment have been violated, does not support removal of the case. "[F]or both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936); 14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3722, at 255-60). Lancaster raised his equal protection argument in defense of the citation by the SCBCD on appeal. See Spartanburg County Building Codes Board of Appeals v. Lancaster, C.A. No. 2001-CP-42-3287, slip op. at 2. Lancaster also claims that he brought the issue before the Board of Appeals. (Obj. at 2-3, 5, 6.) Nonetheless, as the federal question was not raised on the face of the complaint or citation, Lancaster's equal protection claim does not provide this court with jurisdiction to hear this case.

Second, Lancaster has failed to show that the court has subject matter jurisdiction on the basis of diversity as well. "[T]he burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist.'" Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). Moreover, "a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." Id., 190 F.3d at 654. Neither Lancaster nor the Board of Appeals affirmatively alleges that diversity jurisdiction exists in this case. To the contrary, Lancaster claims that he is unaware "whether or not any or all of the Board Members have residential or citizenship considerations in other states." (Obj. at 7.) Further, the court notes that diversity

4

jurisdiction appears nonexistent. The plaintiff is the Spartanburg County Building Codes Board of Appeals, of Spartanburg, South Carolina, and it is seeking to enforce an ordinance against a landowner in Spartanburg, South Carolina. Hence, the court concludes that Lancaster has failed to demonstrate that complete diversity exists, and diversity jurisdiction does not support removal of the case.

Additionally, in his objections, Lancaster claims that the United States Congress's recent legislation concerning Theresa Marie Schiavo ("Schiavo") provides the court with jurisdiction to review the case. (Obj. at 7.) This argument is without merit. Congress passed an act captioned "Relief of the Parents of Theresa Marie Schiavo" ("the Act") on March 21, 2005, giving the Middle District of Florida "jurisdiction to hear, determine, and render judgment on a suit or claim by or on behalf of Theresa Marie Schiavo for the alleged violation of any right . . . relating to the withholding or withdrawal of food, fluids, or medical treatment necessary to sustain her life." Relief of the Parents of Theresa Marie Schiavo, Pub. L. No. 109-3. The Act provides standing to sue only to Schiavo's parents, gives jurisdiction only to the Middle District of Florida, and applies only to claims concerning the withholding of food, fluids, or medical treatment necessary to sustain Schiavo's life. See id. Hence, the Act has no application to the instant case and provides no jurisdictional basis for removal.

Two remaining issues require further attention. First, Lancaster suggests that the initial pleading in this case was his notice of removal. (Obj. at 10.) In the Report and Recommendation, the Magistrate Judge noted that it is unclear exactly when the initial pleading occurred for purposes of determining the timeliness of Lancaster's attempted removal. While it may be uncertain when the initial pleading occurred, it is undisputed that Spartanburg County initiated this action, not Lancaster, and his attempt to *remove* the action was in response to an

5

initial pleading which stated a violation of the ordinance. It is self-evident that Lancaster's notice of removal may not serve as an initial pleading in the action, as the action was pending when he attempted to remove it to this court. Hence, regardless of when the initial pleading was brought, the initial pleading was brought by Board of Appeals to enforce the ordinance, and Lancaster's attempted removal of the action fails because there is no subject matter jurisdiction for this court to entertain the case. Second, and finally, the court declines to impose sanctions on Lancaster for his attempt to remove the case to federal court.[2]

It is therefore

**ORDERED** that the Board of Appeals' motion to remand this action to the Court of Common Pleas for Spartanburg County, South Carolina, is granted. It is further

**ORDERED** that the Board of Appeals' motion for sanctions is denied.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 25, 2005

### NOTICE OF RIGHT TO APPEAL

The defendant is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Because the court is not relying on the analysis contained in the Report and Recommendation, the court declines to further address either the Report and Recommendation or the objections to the Report.